LOTTINGER, Chief Judge.
This appeal involves the statutory requirements for paying overtime to Baton Rouge firefighters. A class action suit was brought by over 200 Baton Rouge firefighters claiming that the City of Baton Rouge owed them additional compensation for overtime hours worked. The trial court granted the City’s motion for summary judgment. The firefighters perfected a de-volutive appeal challenging the trial court’s interpretation of the state statutory scheme. The facts in this ease are not in dispute.
In 1985, the United States Supreme Court decided Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). As a result of this decision the Federal Wage and Hour law known as the Fair Labor Standards Act, 29 U.S.C. 201 et seq. (FLSA) became applicable to employees of municipalities such as Baton Rouge. Congress delayed the applicability of FLSA to state and local governments until April 15, 1986. FLSA sets standards which employers must follow regarding the number of hours they may require their employees to work before overtime pay is due. For example, private employers must pay employees overtime compensation for any hours worked in excess of 40 hours per week.
With respect to firefighters, the United States Secretary of Labor established standards requiring public employers to pay overtime compensation based on the number of hours worked in a “work period.” The regulations allow the employer to determine the work period, but mandated that it range from 7 to 28 days in length. That is, if the firefighter’s work period is one week, the employer must pay overtime for any hours worked in excess of 53; whereas, if the work period is 28 days, the employer must pay overtime for hours worked in excess of 212 within that 28 day period. A schedule sets out the employers’ liability for overtime compensation for work periods that fall within these two parameters. See 29 C.F.R. 553.230(c).
At all times subsequent to April 15,1986, the City of Baton Rouge calculated the overtime pay for its firefighters based on a 28-day work period. It is the contention of the plaintiff firefighters that the City should have used a 7-day work period. The plaintiffs argue that if the 7-day work period is used to calculate the overtime liability of the City, they are owed significant backpay.
At the heart of plaintiff’s argument is that the state has positively legislated that the work period for firefighters in Baton Rouge is one calendar week. As there is no argument on behalf of the plaintiff that the City of Baton Rouge has failed to comply with FLSA, the only issue before this court is whether or not state law mandates the City of Baton Rouge to use a 7-day work period.
DISCUSSION
The statute at issue in this dispute is La.R.S. 33:1994, which in pertinent part reads as follows:
A. The maximum hours of work required of fireman covered by this Sub-part in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid fireman in any calendar week shall be sixty hours. However, in cases of emergencies, they may be required to work in excess of the maximum hours.' For each hour so worked in excess of sixty hours in any calendar week a fireman shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale.
[[Image here]]
E. (1) Notwithstanding any other provision of this Section to the contrary, the city of Baton Rouge, in order to maximize fire protection, may establish a work shift cycle as provided in R.S. 33:1994(E)(2), which requires a person employed as a fireman to work in excess *1166 of sixty hours in any calendar week. Each fireman shall be paid at the rate of one and one-half times his usual salary for all overtime hours worked during a shift cycle. The total hours worked by each fireman during an entire work shift cycle shall be divided by the number of weeks in the shift cycle to determine the average number of hours worked per week. The overtime hours worked by each fireman during a shift cycle shall be the number of hours by which the average number of hours worked per week exceeds sixty multiplied by the number of weeks in the shift cycle.
(2) The work shift cycle authorized pursuant to Subsection (E)(1) shall consist of a nine week total of five hundred and four hours.
Initially we note that the state legislature has plenary power to regulate all matters relating to fire and police protection. New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402, 409 (La.1982). Subsection E was added to La. R.S. 33:1994 by Act 595 of 1985 which allowed the City of Baton Rouge to calculate overtime based on a nine-week work period. It is significant to note that this amendment was prior to the applicability of FLSA.
It is the plaintiff’s position that subsection E is in direct conflict with FLSA as it authorizes Baton Rouge to use a work period of nine weeks, thus exceeding the 28-day maximum allowable work period under FLSA. As such, they argue that the statute must fall and the general provision of subsection A, defining the work period as one calendar week, is applicable. The plaintiffs point to the legislative history as proof that the legislature has always viewed the work period for overtime purposes as one calendar week. They cite us to Act 179 of 1946, Act 481 of 1948, Act 239 of 1950 and Act 242 of 1952, all of which refer to the work period for purposes of calculating overtime as one calendar week.
The defendant argues that the “work shift cycle” referred to in La.R.S. 33:1994(E) is different from the “work period” referred to in FLSA. They argue that the “work period” is simply an accounting method which can be chosen by the employer and need not coincide with the “work shift cycle.”
The question before this court is whether the City of Baton Rouge is free to use the 28-day maximum allowable work period under FLSA, or is it subject to the general provisions of La.R.S. 33:1994(A), to wit, one calendar week?
FLSA mandates a 28-day maximum allowable work period. Any attempt to utilize a longer work period would be invalid under the supremacy clause of Article VI of the United States Constitution. We find that the legislative intent in adding Subsection E was to give Baton Rouge greater freedom in scheduling firefighters and to reduce the amount of overtime pay liability. Because of this, we conclude that Subsection E only violates the supremacy clause to the extent Subsection E exceeds the 28-day maximum allowable limit. Therefore, the City of Baton Rouge is free to use the 28-day maximum allowable work period.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.